# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CASEY COLLEY,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0101** (BOR Appeal No. 2054732)
(Claim No. 2018014363)

**HAMPDEN COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Casey Colley, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Hampden Coal, LLC, by counsel Sean Harter, filed a timely response.

The issue on appeal is medical treatment. The claims administrator denied a request for referrals to two orthopedic surgeons for the left shoulder and lumbar spine on April 10, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's order on October 8, 2019. This appeal arises from the Board of Review's Order dated January 16, 2020, in which the Board of Review affirmed the decision of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15 (2005) (Repl. Vol. 2010), in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Office of Ins. Commissioner*, 235 W. Va. 577, ___, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Office of Insurance Commissioner*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Mr. Colley, a coal miner, has a long history of lower back and left shoulder problems. On December 3, 2009, a lumbar x-ray was performed for complaints of back pain with radiculopathy; however, there was no history of an injury. The results showed degenerative changes and mild loss of disc height at T12 and L1. A left shoulder x-ray was performed for left shoulder pain with no trauma on March 31, 2010. The results showed degenerative joint disease of the acromioclavicular joint. On April 19, 2010, a left shoulder MRI was performed for left shoulder pain. The MRI revealed bursitis, moderate peritendinopathy with no evidence of a full thickness tear, and cystic changes.

An April 15, 2015, treatment note from Dickenson Medical Associates indicates Mr. Colley reported bilateral shoulder pain for several years. He also reported increased pain in his left shoulder. He was diagnosed with rotator cuff tendinitis and a possible rotator cuff tear. A left shoulder MRI was performed on April 22, 2015, which showed edema and small cysts, consistent with a chronic injury, and a suspected chronic labral tear. Mr. Colley returned to Dickenson Medical Associates on April 29, 2015, and was diagnosed with left shoulder rotator cuff tendinitis. A lumbar x-ray showed mild degenerative changes on October 18, 2016. On October 13, 2017, a treatment note from Pikeville Medical Center indicated Mr. Colley reported left shoulder pain that started six months prior. He was diagnosed with bursitis. It was noted that a 2015 MRI showed degenerative changes with a possible labral tear. Mr. Colley returned to Dickenson Medical Associates on October 31, 2017, for a checkup. It was noted that he was to be referred to orthopedics for shoulder pain.

Mr. Colley injured his left shoulder and lower back on December 15, 2017, when he slipped and fell while working for Hampden Coal, LLC. December 18, 2017, treatment notes from Dickenson Medical Associates indicate he was seen for a follow-up from an emergency room visit. Mr. Colley reported that he fell at work the previous Friday and struck his back and left shoulder. He was treated in the emergency room where x-rays showed no fractures. Mr. Colley reported low back pain, bilateral hip pain, radiculopathy, and left shoulder/upper arm pain. The assessment was

shoulder pain and lumbar radiculopathy. On January 2, 2018, Mr. Colley returned with worsening symptoms and was taken off of work. He underwent a left shoulder MRI which showed a partial thickness tear of the supraspinatus tendon, two small cysts, and degenerative changes on January 18, 2018. A lumbar MRI showed mild degenerative disc disease. On February 2, 2018, Mr. Colley was referred to orthopedics and neurosurgery. He returned on March 12, 2018, with worsening shoulder and back pain. The assessment was hand/finger pain, lumbar radiculopathy, and high blood pressure. Mr. Colley reported left shoulder pain and back pain radiating into his legs on March 28, 2018. He stated that he had experienced back pain in the past but no radiation into the legs until his fall at work.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation for the injury at issue on March 6, 2018. Dr. Mukkamala noted that Mr. Colley denied any prior back pain. Dr. Mukkamala opined that his complaints of left shoulder and lower back pain were the result of preexisting lumbar spondylosis and rotator cuff tendinosis and arthrosis. Dr. Mukkamala stated that the conditions were not related to the work injury. Dr. Mukkamala found no credible objective medical evidence that Mr. Colley was injured on December 15, 2017. He stated that the mechanism of injury was suggestive of a sprain or contusion to the low back and left shoulder but that the conditions would have resolved within four weeks.

In a letter dated April 6, 2018, Roy Deel, D.O., stated that he had been treating Mr. Colley's back pain since 2013, but until after his fall, he had not complained of pain going down his legs. Treatment notes from April 6, 2018, to April 3, 2019, were submitted into the record from Dr. Deel. In addressing Mr. Colley's left shoulder pain, Dr. Deel stated that he had some pain in the past, but not to the extent that he is having now. Dr. Deel reported that he had obtained MRIs and was waiting for Mr. Colley to be seen by the orthopedic and neurosurgery team before he would allow him to return to work. On April 13, 2019, two orthopedic surgery referrals were submitted by Dr. Deel for left shoulder pain, low back pain, and lumbar radiculopathy. The claims administrator denied Mr. Colley's request for referrals to two orthopedic surgeons for left shoulder pain, low back pain, and lumbar radiculopathy on April 10, 2019. Mr. Colley protested the claims administrator's Order.

By Order of the Office of Judges dated October 8, 2019, the claims administrator's decision, which denied the April 13, 2019, requests for authorization of referrals to two orthopedic surgeons for Mr. Colley's left shoulder and lumbar spine, was affirmed. The Office of Judges found that the preponderance of the evidence of record established that the claims administrator correctly denied the requests for referrals because they were not medically related and reasonably necessary for the treatment of Mr. Colley's compensable injury. By Order dated January 16, 2020, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the October 8, 2019, decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. To be authorized, medical care and treatment must not only be "reasonably required," but also related to the compensable injury, pursuant to West Virginia Code § 23-4-3(a)(1). The record clearly documents Mr. Colley's preexisting left shoulder and low back conditions dating back to 2009. Dr. Mukkamala, in his report dated March 6, 2018, opined that Mr. Colley's

complaints of left shoulder and lower back pain were the result of preexisting lumbar spondylosis and rotator cuff tendinosis and arthrosis. Dr. Mukkamala went on to state that the conditions were not related to the work injury. The Office of Judges and Board of Review did not err in denying Dr. Deel's requests for Mr. Colley to be referred to an orthopedic surgeon, as the referrals are not reasonably required medical care to treat the compensable injury of December 15, 2017. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton